**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

Shane Betts,

        Plaintiff,

v.

Mark Brnovich, *et al.*,

        Defendants.

No. CV-22-01186-PHX-JJT

**ORDER**

At issue is *pro se* Plaintiff Shane Betts's Request to Exceed Page Limit (Doc. 68) and the associated Motion for Reconsideration (currently lodged at Doc. 69). The Court will grant the Request to Exceed Page Limit and will now resolve the Motion for Reconsideration.

Motions for reconsideration should be granted only in rare circumstances. *Defenders of Wildlife v. Browner*, 909 F. Supp. 1342, 1351 (D. Ariz. 1995). A motion for reconsideration is appropriate where the district court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J, Multnomah Cnty. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Mere disagreement with a previous order is an insufficient basis for reconsideration. *See Leong v. Hilton Hotels Corp.*, 689 F. Supp. 1572, 1573 (D. Haw. 1988). A motion for reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d

877, 890 (9th Cir. 2000). Nor may a motion for reconsideration repeat any argument previously made in support of or in opposition to a motion. *Motorola, Inc. v. J.B. Rodgers Mech. Contractors, Inc*., 215 F.R.D. 581, 586 (D. Ariz. 2003).

As the Court reads Plaintiff's Motion, Plaintiff first contends that the Court erred in not permitting him to amend the Amended Complaint. The Court disagrees. None of the facts Plaintiff now points to would change the Court's resolution of the six Motions to Dismiss before the Court in the prior Order (Doc. 66). For example, Plaintiff cannot cure the defect in his § 1983 claims by pleading that the private parties and their private attorneys are state actors. They simply are not in these circumstances. The Court will not further repeat what it has already stated in its prior Orders, and Plaintiff's claims will remain dismissed without leave to amend.[1]

Plaintiff otherwise makes arguments in his Motion, again, that the Court already considered in resolving the six Motions to Dismiss. As the Court stated in its Order (Doc. 66), Plaintiff cannot bring a § 1983 claim against non-state actors or against state officials who lack the relevant enforcement authority; the state court had jurisdiction to resolve the breach of contract and *quantum meruit* claims before it and found that Plaintiff did not properly raise any ERISA claims or defenses—a decision this Court cannot review; Plaintiff is precluded from bringing issues or claims to this Court that he litigated or could have litigated in state court; and Plaintiff's civil RICO claims fail as a matter of law. None of Plaintiff's arguments in his Motion for Reconsideration change the Court's conclusions.

**IT IS THEREFORE ORDERED** granting Plaintiff's Request to Exceed Page Limit (Doc. 68).

---

[1] The Court dismissed the Amended Complaint without leave for Plaintiff to further amend in this Court. The Court dismissed certain claims for lack of jurisdiction, such as the § 1983 claim against the state court judges and Attorney General (Count C3), which is barred by the Eleventh Amendment. And the Court dismissed other claims for failure to state a claim, such as the § 1983 claims against private parties and their private attorneys. (*See* Doc. 66.)

**IT IS FURTHER ORDERED** directing the Clerk of Court to file on the docket the Motion to Reconsider and Amend currently lodged at Doc. 69, and the Court denies that Motion. This case remains closed.

Dated this 15th day of March, 2023.

Honorable John J. Tuchi
United States District Judge